HARRISBURG BANK v. GERMAN.

The judgment creditor of a surety whose property was sold to pay the debt of the principal, and who therefore had a right of subrogation, which he assigned to another but later judgment creditor, cannot avail himself of the said right in opposition to the assignee whose equity if not superior is equal to his own; and this rule obtains, notwithstanding the fact, that the debt of the said judgment creditor remained unpaid, because the surety refused to avail himself of his right of subrogation.

The right of subrogation is personal, and may be waived by the party entitled to it; or he may assign it *bonâ fide*, although the effect of such assignment may be to defeat his own judgment creditor, by leaving his real estate subject to a burden, from which he might have relieved it, by exercising his right of subrogation.

The fact in this case, that the two funds belonged not to the same but different debtors, was decisive of the question.

ERROR to Common Pleas of Dauphin county.

*June* 30.  *McCormick* moved the court to mark on the record, for the use of W. W. Rutherford, the sum of $240 of a judgment for

$274 59, obtained by the Harrisburg Bank against Philip German. The motion was founded on the following statement of facts, agreed upon by the parties :—

"The above-stated judgment was obtained by the Harrisburg Bank, on a note drawn by Philip German, the defendant, which was endorsed by Jacob Baab. A suit was also brought by the said bank against Jacob Baab, as endorser and surety on the said note, in Dauphin Common Pleas, No. 72, January Term, 1840, in which a judgment of $270 94 was rendered for the amount of the said note, on the 6th February, 1840, which was revived by *sci. fa.* No. 24, January Term, 1844. The real estate of Jacob Baab was sold by the sheriff of Dauphin county, in August, 1845 ; and the proceeds of the sale having been brought into court, a distribution of the same was confirmed by the court, 31st October, 1845, by which the debt, interest and costs of the said judgment of the Harrisburg Bank against Jacob Baab, amounting to $380 62, was ordered to be paid. The debt due to the Harrisburg Bank was therefore paid out of the sale of Jacob Baab's property, who was but a surety ; and on the 6th day of December, 1845, the Harrisburg Bank assigned this judgment to Jacob Baab, and on the same day Jacob Baab assigned his right to substitution and interest in the same judgment to Christian Hæhnlen, who therefore claims the whole judgment against Philip German, under this assignment. Dr. W. W. Rutherford obtained a judgment against Jacob Baab, on the 22d November, 1841, for $299 07, No. 145, August Term, 1841, on which a payment has been made, reducing the sum now due to $240 ; which sum would have been paid out of the proceeds of the sale of Jacob Baab's property, if the said judgment of the Harrisburg Bank had not preceded it. C. Hæhnlen also recovered a judgment against Jacob Baab, 392, August Term, 1843, entered November 18, 1843, for $1800, on account of which the said assignment was made to him by said Jacob Baab.

"If on these facts Dr. W. W. Rutherford has the right to be substituted for the Harrisburg Bank, in the judgment of that bank against Philip German aforesaid, then the court will mark the amount of $240 of that judgment for the use of Dr. W. Rutherford ; but if otherwise, the whole of the said judgment shall be marked for the use of said Christian Hæhnlen.

"The judgment in this case to be subject to a writ of error by either party, within twenty days after its entry, without oath or bail."

The court, after argument, ordered the judgment referred to, to be marked for the use of C. F. Hæhnlen, and refused the motion of Dr. W. W. Rutherford.

Rutherford thereupon removed the record to this court by writ of error, and assigned the judgment of the court for error.

*McCormick*, for the motion.—If one party has a lien on two funds, and another has a lien on one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the former fund for satisfaction in the first instance. 1 Story's Eq. 646; Zeigler *v.* Long, 2 Watts, 205; 8 Watts & Serg. 331; 1 Penna. State Rep. 512.

If the first creditor has a judgment against A. and B., and the second against B. only; and it does not appear whether A. or B. ought to pay the debt due to the first creditor, nor whether any equitable right exists in B. to have the debt charged on A. alone; in such case equity will not compel the first creditor to take the land of A. in execution. (It would seem, that where B. was only a surety, equity would interfere to compel the first creditor to resort to A.) 1 Story's Eq. 651, 660; Ex parte Kendal, 17 Ves. 520.

The right of substitution is grounded entirely on principles of equity, and may be decreed where no contract of any kind nor any privity exists between the parties. Kyner *v.* Kyner, 6 Watts, 221; Sterling *v.* Brightbill, 5 Watts, 229; Ramsay's Appeal, 2 Watts, 228.

*Roberts*, for assignee.—In this case there were not two funds of the same debtor; one fund was the property of Baab, the other the property of German. Baab had no interest in the judgment against German until after distribution of the money raised from sale of his property; and then it was but an equitable right to be substituted in place of the Harrisburg Bank. Rutherford could not, on the distribution of the money raised from sale of Baab's property, have resisted the application of the fund, to the satisfaction of the bank's judgment, on the ground of its having two funds; and therefore cannot now ask to be substituted on those grounds.

The other ground of equitable relief by substitution, is, where a surety on paying the debt of the principal is entitled to stand in the place of the creditor, and be subrogated to all his rights against the principal debtor, and even against the co-sureties. 1 Johns. Ch. R. 409; 2 Johns. Ch. R. 554; 4 Johns. Ch. R. 123; 1 Story's Eq. 591, 595, sects. 638, 642. Subrogation under this head is always confined to sureties, and will never be extended to a volunteer

5 Watts & Serg. 456. It will not even be extended to bail for stay of execution, who pays the debt of principal. Ibid. There is no case of principal and surety between Baab and Rutherford. Baab was the surety, or endorser of German; and the only substitution which could be made in the case, was made. As soon as the Harrisburg Bank received the amount of its judgment against Baab, out of the sale of his property, it perfected his right to substitution against German the drawer, by an actual transfer to him of the judgment against German. The right of substitution being a personal right, could not be effected by the operation of the judgment of Rutherford; and Baab having become justly and equitably plaintiff against German, had a right to dispose of the judgment; and on the 6th of December, 1845, the same day on which he received the transfer, he assigned it to Hæhnlen, also one of his judgment creditors, who now stands plaintiff in the judgment. Subrogation is a principle of mere equity and benevolence, and will not be enforced at the expense of a legal right, 8 Watts, 384. Here is a legal right vested in Hæhnlen; and will equity, after it has been thus vested for a period of five months, interpose to take it from him, and give it to one not known to the record? It might as well interpose in any other judgment in which Baab stands plaintiff within the jurisdiction of the court. A surety is not *ipso facto* substituted on payment of the debt of the principal. His remedy is for money paid and expended. 6 Watts & Serg. 190, 199. Suppose, therefore, that the Harrisburg Bank had not had judgment against German the drawer, and Baab, after paying the debt, had brought suit against German for so much money paid; would any court of equity for a moment entertain a motion to substitute a creditor of Baab, plaintiff in that action? It would not, and therefore Rutherford's application for substitution on this ground must also fail.

*July* 2. PER CURIAM.—The objection that the two funds belonged to different debtors, is decisive. Rutherford, who seeks to be admitted to Baab's right of substitution, is merely his creditor, not the creditor of German, whose interest is subordinate only to that of Baab. But Baab's right of substitution is a personal one, which he might waive; and what right has his creditor to insist that it shall be exercised not for his benefit, but against his will? It is true that the lien of Rutherford's judgment against Baab's land, was excluded by the bank's judgment; but that gave Rutherford no equity against German, whose interest was independent of him. Neither did it give him a right to the bank's securities, with whom it stood in no privity; still

less did it give him a right against Baab's assignee of the right to substitution, who, for any thing that appears, stands in equal, if not superior equity. The point, therefore, was properly ruled below.

Order affirmed.